JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| PAUL ONETO,   Plaintiff | WESTOVER BUILDERS, INC., Defendant |

**(b)** County of Residence of First Listed Plaintiff   Montgomery Cty
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery Cty
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE/ SIDNEY L. GOLD & ASSOC., P.C.,
1835 MARKET ST., STE 515, PHILA., PA 19103
TELEPHONE (215) 569-1999   sgold@discrimlaw.net

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- x 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, Family and Medical Leave Act
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 150,000 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:   x Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/18/2014

SIGNATURE OF ATTORNEY OF RECORD
/s/Sidney L. Gold, Esquire   X

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  200 Cedar Avenue, Willow Grove, PA 19090

Address of Defendant: 550   American Avenue, Suite King of Prussia, PA 19406

Place of Accident, Incident or Transaction:   550 American Avenue, Suite 1, King of Prussia, PA 19406
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No **X**

Does this case involve multidistrict litigation possibilities?          Yes☐   No **X**
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐   No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐   No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐   No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
     (Please specify) _____

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Sidney L. Gold, Esquire , counsel of record do hereby certify:
   X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   X  Relief other than monetary damages is sought.

DATE:   06/18/2014 _____   /s/Sidney L. Gold, Esquire          21374
                          Attorney-at-Law                                      Attorney I.D.#
     **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   06/18/2014 _____   /s/ Sidney L. Gold, Esquire          21374
                          Attorney-at-Law                                      Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  200 Cedar Avenue, Willow Grove, PA 19090

Address of Defendant: 550   American Avenue, Suite King of Prussia, PA 19406

Place of Accident, Incident or Transaction:  550 American Avenue, Suite 1, King of Prussia, PA 19406
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No **X**

Does this case involve multidistrict litigation possibilities?        Yes☐  No **X**

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
        Yes☐  No**X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
        Yes☐  No**X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
        Yes☐  No**X**

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
        Yes☐  No **X**

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **X Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

**Sidney L. Gold, Esquire**      *(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:

  X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  X  Relief other than monetary damages is sought.

DATE:  06/18/2014 _____    /s/Sidney L. Gold, Esquire      21374
                                 Attorney-at-Law                      Attorney I.D.#

    **NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  06/18/2014 _____    /s/ Sidney L. Gold, Esquire      21374
                                   Attorney-at-Law                      Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PAUL ONETO, | : | CIVIL ACTION |
| *Plaintiff* | : | |
| v. | : | |
| WESTOVER BUILDERS, INC., | : | |
| *Defendant* | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

June 18, 2014                                                    /s/Sidney L. Gold, Esquire

| | | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |

215.569.1999

215.569.3870                                    sgold@discrimlaw.net

| | | |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PAUL ONETO,                          :        **CIVIL ACTION NO.:**
                                     :
        *Plaintiff,*         :
                                     :
    v.                               :
                                     :
WESTOVER BUILDERS, INC.,             :        **JURY TRIAL DEMANDED**
                                     :
       *Defendant.*         :

## COMPLAINT AND JURY DEMAND

**I.**   **PRELIMINARY STATEMENT:**

    1.    This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Paul Oneto ("Plaintiff Oneto"), a former employee of Westover Builders, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

    2.    This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq.

**II.**   **JURISDICTION AND VENUE:**

    3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Oneto's claims are substantively based on the FMLA and the ADA.

1

4.     The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Oneto's claims arising under the PHRA.

5.     All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Oneto has satisfied all jurisdictional prerequisites to the maintenance of this action.  On April 9, 2014,  a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

### III.     PARTIES:

6.     Plaintiff, Paul Oneto ("Plaintiff Oneto"), is a forty-eight (48) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 200 Cedar Avenue, Willow Grove, Pennsylvania 19090.

7.     Defendant, Westover Builders, Inc., ("Defendant"), upon information and belief, is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein located at 550 American Avenue, Suite 1, King of Prussia, Pennsylvania 19406.

8.     At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, including the Defendant, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.     At all times material herein, the Defendant is and has been a "person" and "employer" as defined under the FMLA, ADA and PHRA, and is accordingly subject to the provisions of each said Act.

10.     At all times material herein, Plaintiff Oneto was an "eligible employee" as defined under the FMLA, and an "employee" under the ADA and the PHRA, and was entitled to the protection of the provisions of each said Act.

IV.    **STATEMENT OF CLAIMS**:

11.     Plaintiff Oneto was employed by the Defendant from on or about March 14, 2007 until on or about August 13, 2012, the date of his unlawful termination.

12.     During the course of his employment, Plaintiff Oneto held the position of Maintenance Technician and at all times performed his job duties in an excellent manner.

13.     By way of background, Plaintiff Oneto suffers from Migraine Headaches and Diabetes.  Said medical conditions are disabilities within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").  Specifically, Migraine Headaches substantially impair one or more of Plaintiff Oneto's major life activities, including, but not limited to, functioning of his neurological system, sleeping, seeing, and concentrating. Additionally, Diabetes substantially impairs one or more of Plaintiff Oneto's major life activities, including, but not limited to, functioning of his endocrine system and circulatory system. Both said medical conditions also qualify as serious health conditions under the Family Medical Leave Act ("FMLA").

14.     In or about August of 2011, Joan Palestirie ("Palestirie"), Property Manager,

3

became Plaintiff Oneto's direct Supervisor.  Shortly thereafter, Plaintiff Oneto disclosed his disabilities to Palestirie.

15.     Thereafter, Palestirie embarked upon a campaign of discrimination against Plaintiff Oneto based solely on his actual and/or perceived disabilities, and/or record of impairment.

16.     Throughout 2011 and 2012, Plaintiff Oneto was medically required to be absent from work in connection with symptoms associated with his disabilities, and requested that Defendant approve and excuse said absences.  Said requests constituted requests for a reasonable accommodation for his disabilities.

17.     In or about late 2011, Bill Engel ("Engel"), Maintenance Supervisor, informed Plaintiff Oneto that Palestirie spoke negatively regarding Plaintiff Oneto's medical need for absences and regularly disparaged Plaintiff Oneto for requiring periodic absences in connection with his disabilities.

18.     On one occasion, Plaintiff Oneto was hospitalized for one (1) week in connection with his disabilities.  Upon his return, Plaintiff Oneto delivered to Palestini the documentation from his physician.  In response thereto, Palestirie groaned to express her disapproval of his medical need for a brief leave of absence.

19.     In or about July of 2012, Palestirie issued to Plaintiff Oneto an unjustified poor performance review.  However, prior to his receipt of said baseless review, Plaintiff Oneto had exclusively received excellent commendation from the Defendant, by and through Traci Plante ("Plante"), Property Manager, Dennis Boozer ("Boozer"), Property Manager, and Engel.

20.     On or about August 13, 2012, without engaging Plaintiff Oneto in an interactive process, Defendant abruptly terminated Plaintiff Oneto's employment in retaliation for requesting a reasonable accommodation for his disabilities.  Defendant alleged that Plaintiff Oneto's employment was being terminated due to "excessive absenteeism."

21.     Importantly, Plaintiff Oneto's absences were all medically required in connection with his disabilities, and on each such occasion, he notified the Defendant of the reason for his absence. Furthermore, prior to Plaintiff Oneto's termination of employment, the Defendant, by and through Ginny Stein, Human Resources Representative, informed Plaintiff Oneto that he was permitted to use his personal and/or vacation days at any time of his choosing. Plaintiff Oneto did not exceed his usage.

22.     Further, although Defendant was aware that Plaintiff Oneto's requests for absences were related to Diabetes and Migraine Headaches, Defendant never advised Plaintiff Oneto prior to his termination that he could apply for FMLA leave.

23.     As further evidence of the Defendant's discriminatory animus, in terminating Plaintiff Oneto's employment without any prior warning, the Defendant contravened its stated progressive discipline policy of first issuing one (1) verbal and one (1) written warning prior to termination.  Upon information and belief, the Defendant did not similarly violate its progressive discipline policy with respect to similarly-situated non-disabled employees, including, but not limited to,  Dave Woodward, Cleaner.

24.     Plaintiff Oneto believes and avers that the Defendant terminated his employment because of his actual and/or perceived disabilities and/or record of

5

impairment (Migraine Headaches and Diabetes).

**COUNT I**
**Plaintiff Oneto v. the Defendant**
**(FMLA)**

25.     Plaintiff Oneto incorporates by reference paragraphs 1 through 24 of his Complaint as though fully set forth herein.

26.     The actions of the Defendant, in interfering with Plaintiff Oneto's right to utilize FMLA leave, as aforesaid, constituted a violation of the FMLA.

27.     The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith and in reckless disregard of Plaintiff Oneto's rights.

28.     As a direct result of the willful, wanton, reckless, careless and negligent acts of the Defendant, as aforesaid, Plaintiff Oneto has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

**COUNT II**
**(PHRA - Disability Discrimination)**
**Plaintiff Oneto v. the Defendant**

29.     Plaintiff Oneto incorporates by reference paragraphs 1 through 28 of his Complaint as though fully set forth at length herein.

30.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Oneto to discrimination and terminating Plaintiff Oneto's employment based on his disabilities (Migraine Headaches and Diabetes), failing to engage in the interactive process, and retaliating against him for requesting a reasonable

6

accommodation, constituted a violation of the PHRA.

31.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Oneto sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

32.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Oneto suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (ADA - Disability Discrimination)
### Plaintiff Oneto  v. the Defendant

33.     Plaintiff Oneto incorporates by reference paragraphs 1 through 32 of his Complaint as though fully set forth at length herein.

34.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Oneto to discrimination and terminating Plaintiff Celona's employment based on his disabilities (Migraine Headaches and Diabetes), failing to engage in the interactive process, and retaliating against him for requesting a reasonable accommodation, constituted a violation of the ADA.

35.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Oneto sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Oneto suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

37.     Plaintiff Oneto incorporates by reference paragraphs 1 through 36 of his Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Oneto requests that this Court enter judgment in his favor and against the Defendant, and order that:

a.     Defendant compensate Plaintiff Oneto with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b.     Defendant compensate Plaintiff Oneto with an award of front pay, if appropriate;

8

      c.      the Defendant pay to Plaintiff Oneto compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses as allowable;

      d.      the Defendant pay to Plaintiff Oneto punitive damages, pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

      e.      Defendant pay to Plaintiff Oneto liquidated damages, as allowable;

      f.      Defendant pay to Plaintiff Oneto pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

      g.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Oneto demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    /s/Sidney L. Gold, Esquire
        SIDNEY L. GOLD, ESQUIRE
        I.D. NO.: 21374
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        (215) 569-1999
        **Attorney for Plaintiff**

Dated:      June 18, 2014

9

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 6-10-14

Mr. Paul Oneto, Plaintiff